IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**JAZZIMANN DAVIS,**

    **Plaintiff,**

v.

**UNITED STATES SERVICE
INDUSTRIES, INC.,**

    **Defendant.**

_____/

CASE NO.: 22-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, JAZZIMANN DAVIS, hereby sues Defendant, UNITED STATES SERVICES INDUSTRIES, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JAZZIMANN DAVIS, has been a resident of the State of Florida and was employed by Defendant. She is *sui juris*.

4. At all times pertinent hereto, Defendant, UNITED STATES SERVICE INDUSTRIES, INC., ("USSI") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used

under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began her employment with Defendant on or about August 2019 and held the position of Day Porter at the time of her wrongful termination.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Building Manager Wendy l/n/u ("Wendy"), a white female and Office Manager f/n/u Les ("Les"), an African American male.

9. On March 20, 2020, Plaintiff texted Wendy to let her know she was leaving in an emergency to go to the doctor. Wendy never replied so Plaintiff texted her a second time and asked did she receive her message or if she needed to contact Les or Jeff l/n/u from building maintenance.

10. Wendy finally replied and asked Plaintiff if she was injured on the job. Plaintiff replied that she had not been injured, but that she was experiencing a serious medical condition.

11. Plaintiff was seen at the doctor for a cough and headache but was told that she tested negative for the COVID-19 (COVID) virus. Plaintiff returned back to work the same day.

2

Upon Plaintiff's return, Plaintiff resumed completing her normal job tasks. Wendy asked Plaintiff if she was okay and Plaintiff said yes, "it was just sinus issues due to the pollen."

12. Despite Plaintiff telling Wendy she tested negative for COVID, Wendy told Les that Plaintiff tested positive. Les called Plaintiff in a panic asking her "Jazzimann are you sick" to which Plaintiff immediately refuted. Plaintiff simply explained to Les that she was just experiencing a cough and headache but had already seen the doctor. Les however did not believe Plaintiff. Plaintiff asserts that this was a tactic by Wendy to get her out of the office.

13. The rest of the week Les moved Plaintiff to a different building site and drastically reduced Plaintiff's hours from about 40 hours a week to nine (9) hours a week.

14. Plaintiff reported to Les that she was being targeted by Wendy to be terminated with no corrective taken against Wendy.

15. On March 23, 2020, Les asked to meet with Plaintiff about why she felt Wendy was targeting her. Plaintiff explained to Les that Wendy lied on her about being sick knowing Les would believe her over Plaintiff. Les said he did not want to make matters worse but proceeded to give Plaintiff a paper outlined with information about COVID and asked her again if she told Wendy she was sick and if so, he will send her home. Plaintiff said no, it was sinus issues and that if he wanted her to get a negative COVID test that she would do that. Les then began to criticize Plaintiff's work performance. Prior to this meeting, Plaintiff's work performance had never been criticized nor had she been written up.

16. The next day Les asked Plaintiff to return her keys and company phone.

17. Plaintiff has not been scheduled to work since. Les has also never told Plaintiff formally that she was terminated.

3

18. Plaintiff called Les a few weeks after and asked if she could she go to another building site to begin working again. Les told Plaintiff she could go to another building site by Tom Brown Park and that the Building Manager at that site would call her but she never did.

19. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

17. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

18. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

19. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

20. Defendant is liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

21. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

22. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

23. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment.

24. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 30th day of May 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF